UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI, *et al.*,                                    Case No. 25-10846

                                    Plaintiffs,            Nancy G. Edmunds
v.                                                         United States District Judge

WASHINGTON, *et al.*,                                      Curtis Ivy, Jr.
                                                           United States Magistrate Judge

                                    Defendants.
_____/

### ORDER ON PLAINTIFFS' MOTION TO AMEND AND DEFENDANTS' MOTION FOR EXTENSION OF TIME (ECF No. 44, 50)

Pending before the Court is Plaintiffs' *Motion to Amend First Amendment Complaint* (ECF No. 44) which the Clerk's Office docketed on February 26, 2026; on the same day, the Clerk's Office docketed Plaintiffs' *First Amended Complaint with Jury Demand* (ECF No. 45).[1]  As Plaintiffs have not yet amended their original Complaint, the Court reads Plaintiffs' motion as one to amend the original Complaint with their First Amended Complaint ("FAC").  The District Judge referred all pretrial matters to the undersigned on April 9, 2025, and entered a separate order referring Plaintiffs' motion to amend on February 26, 2026.  (ECF

_____

[1] Pursuant to the prison mailbox rule, these filings are considered filed as of February 12, 2026.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Nos. 13, 47).  For the following reasons, Plaintiffs' motion is **DENIED WITHOUT PREJUDICE**.

In their motion, Plaintiffs expressly state that they are moving "as a matter of course."  (ECF No. 44, PageID.317).  But the time for them to file such an amendment has long since passed.  Under Federal Rule of Civil Procedure 15(a)(1)(A), Plaintiffs could have moved within twenty-one days after serving their original Complaint.  Plaintiffs filed this action in March 2025; as almost a year has passed since then, they can no longer rely on this Rule to amend their Complaint.  Likewise, Plaintiffs had twenty-one days after Defendants filed their motion to dismiss on June 23, 2025, to amend their Complaint as of rights.  Fed. R. Civ. P. 15(a)(1)(B).  This deadline has also passed.  Accordingly, Plaintiffs can no longer amend as of right.

Even if the Court were to treat Plaintiffs' motion as one seeking leave to amend pursuant to Rule 15(a)(2), the motion would still be denied.  Though leave to amend should be freely given "when justice so requires" under this Rule, this does not mean that motions seeking leave to amend are automatically granted.  Courts consider several factors when assessing a motion to amend, specifically "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments,

undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Amendment of a complaint is futile when the proposed amendment "'cannot withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels or conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the

defendant's conduct."  *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'"  *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

Since the futility analysis under Rule 15(a)(2) is predicated on the analysis under Rule 12(b)(6), a motion to amend can be denied if "the amended complaint could not overcome an affirmative defense . . . ."  *Greer v. City of Highland Park*, Case No. 15CV12444, 2016 WL 4206008, at *2 (E.D. Mich. Aug. 10, 2016)

4

(citing *Budsgunshop.com LLC v. Sec. Safe Outlet, Inc.*, No. 5:10-cv-00390-KSF, 2012 WL 1899851, at *8 (E.D. Ky. May 23, 2012)); *see also 1800 Mich. Ave. v. Small Bus. Admin. of U.S.*, Case No. 2:22-cv-10377, 2022 WL 2916677, at *3–4 (E.D. Mich. July 25, 2022) (denying request to amend as futile because the plaintiffs could not assert a claim that would overcome the defendant's affirmative defense (e.g., sovereign immunity)); *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 523 (6th Cir. 2010) (recognizing that a Rule 12(b)(6) motion can be based on an affirmative defense).

Defendants have already moved to dismiss Plaintiffs' original Complaint because they did not exhaust their administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (ECF No. 29). On February 19, 2026—after Plaintiffs filed their motion but before the Clerk's Office received and docketed it—the undersigned recommended that the Court grant Defendants' motion on that basis. (ECF No. 42). While Plaintiffs' proposed FAC includes new factual allegations and new legal claims (namely, First Amendment claims for retaliation and violations of the Establishment Clause), it does not change the undersigned's calculus regarding the exhaustion issue. Just as they did in the Original Complaint, Plaintiffs assert that they had to file this case because of exigent circumstances—that is, MDOC had not yet responded to their Step I grievances all while Ramadan 2025 "fade[d] away." (ECF No. 45, PageID.321, ¶

5

7).  But as explained in the undersigned's Report and Recommendation, "there is no exception to the PLRA's exhaustion requirement for exigent circumstances." *Scouten v. Midland Cnty.*, No. 21-2953, 2022 U.S. App. LEXIS 7533, at *3 (6th Cir. Mar. 22, 2022) (rejecting argument that the PLRA's exhaustion requirement should be set aside because of the COVID-19 pandemic); *see also Boulding v. Mich. Dep't of Corr.*, No. 13-14325, 2015 WL 136195, at *2 (E.D. Mich. Jan. 6, 2015) ("The PLRA does not contain an exception to the exhaustion requirement for 'exigent circumstances,' be they medical exigencies *or otherwise*.") (emphasis added), *report and recommendation adopted*, 2015 WL 1510446 (E.D. Mich. Mar. 24, 2015).  Nor is there an imminent danger exception to the exhaustion requirement.  *See Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004) ("The PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury."); *Lentz v. Mich. Dep't of Corr.*, No. 2:24-CV-10198, 2025 WL 1023709, at *6 (E.D. Mich. Jan 15, 2025) (citing *Arbuckle*, 92 F. App'x at 291), *report and recommendation adopted*, 2025 WL 817425 (E.D. Mich. Mar. 14, 2025).[2]

---

[2] Plaintiffs' proposed FAC also includes citations to cases that the undersigned assessed and distinguished from this action.  (ECF No. 42, PageID.294–300) (regarding *Bailey v. Washington*, 784 F. Supp. 3d 997 (E.D. Mich. 2025) and *Perttu v. Richards*, 605 U.S. 460 (2025)).

In short, Plaintiffs' proposed FAC does not cure their failure to properly exhaust their administrative remedies under the PLRA.  Thus, their amendment would be futile, and their motion is denied.  That said, the undersigned's Report and Recommendation is pending.  Accordingly, should the Court reject the Report and Recommendation and deny Defendants' motion to dismiss, Plaintiffs should be afforded leave to refile their motion to amend.  Plaintiffs' *Motion to Amend First Amendment Complaint* (ECF No. 44) is therefore **DENIED WITHOUT PREJUDICE**.  In turn, Plaintiffs' proposed *First Amended Complaint with Jury Demand* (ECF No. 45) is hereby **STRICKEN** from the record.

Also pending before the Court is Defendants' *Motion to Extend Due Dates for Responding to Plaintiffs' Motion to File an Amended Complaint and Motion for a Temporary Restraining Order or a Preliminary Injunction* (ECF No. 50). Aside from the District Judge's referral for full pretrial matters, she also entered a separate order referring this motion to the undersigned.  (ECF No. 51).  In this motion, Defendants move to extend the deadlines for their responses to Plaintiffs pending motions under Rule 6(b)(1)(A).  Specifically, they argue that there is good cause for an extension because any time or effort expended on such responses would be for naught if the Court adopts the undersigned Report and Recommendation on Defendants' motion to dismiss.  In turn, they ask the Court to

extend their response deadlines to be twenty-one days *after* the Court rules on the February 2026 Report and Recommendation.

Defendants' motion is **DENIED as moot**.  As an initial matter, the requested relief would essentially moot one issue since it would require Defendants to respond to Plaintiffs' motion for emergency injunctive relief after Ramadan ends on March 17, 2026.  There is not good cause for such relief since it would vitiate any need to respond at all since the motion for injunctive relief for Ramadan 2026 would likely be moot.  Second, the Court in this Order has denied Plaintiffs' motion to amend and the undersigned has recommended that Plaintiffs' motion for emergency injunctive relief be denied in the Report and Recommendation filed concurrently with this Order.  Accordingly, Defendants' motion is moot.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.

Date: March 4, 2026                              s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the March 4, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850

9